## Case No. 6,430.

### In re HERSHMAN.

[7 N. B. R. 604.][1]

District Court, E. D. Pennsylvania. 1873.

BANKRUPTCY—DISCHARGE—ASSENT OF CREDITORS—AMENDMENTS TO ACT OF 1867.

1. The amendments of 22d of July, 1868 [15 Stat. 227], and 14th of July, 1870 [16 Stat. 276], to the bankrupt act [of 1867 (14 Stat. 517)], extend the time as to the operation of the provisions of the second clause of the thirty-third section as if the original act had in this respect been passed January 1st, 1869.

2. Where a majority in number and value of those creditors of a bankrupt, whose debts were contracted after January 1st, 1869, assent in writing to his discharge, he is entitled to a discharge from all provable debts, whether contracted before or after that day.

[Cited in Re Pierson, Case No. 11,154.]

By JOSEPH MASON, Register:

The bankrupt [J. W. Hershman] has applied for his discharge and passed his final examination which is herewith forwarded. His petition was filed March 11th, 1870. Twelve of the creditors of said bankrupt have proved claims amounting together to the sum of four thousand six hundred and thirty-five dollars and twenty cents; eight of said claims, and portion of another, amounting together to the sum of one thousand one hundred and eighty-eight dollars and twenty-six cents, appear to have been contracted subsequently to the 1st day of January, 1869. Three of said claims and portion of another, amounting together to the sum of three thousand four hundred and forty-seven dollars and forty-four cents, appear to have been contracted prior to the 1st of January, 1869; but of these three, two, each for one thousand six hundred and fifty-six dollars and twenty-four cents, are for the same debt, one of them to the bankrupt's former copartner on account of the non-payment of the other—a debt of the firm's copartnership. This would reduce the total actual indebtedness proved, to the sum of two thousand nine hundred and seventy-eight dollars and ninety-six cents. The assets have not been equal to fifty per centum of the claims proved. The bankrupt has obtained the assent (in writing) to his discharge, of eight of said claimants, the claims of six and portion of another amounting to

---

[1] [Reprinted by permission.]

six hundred and fifty-one dollars and seventy-four cents, having been contracted subsequently to January 1st, 1869, and that of one and balance of the remaining one, amounting to one hundred and thirty-four dollars and forty-six cents, having been contracted prior to January 1st, 1869. The bankrupt has, therefore, obtained the written assent of the majority in number of all his creditors, but not of the majority in value. He has obtained the assent of both the majority in number and value of those whose claims have been proved, and which were contracted subsequently to January 1st, 1869. I should have supposed that the latter would have been sufficient for the purpose of his discharge, were it not for the decision of the district court of the United States for the district of Kentucky in Re Shower [Case No. 12,816], which holds that the "assent" of creditors for this purpose "must be equal to fifty per centum of all the claims proved, on which the bankrupt is liable as principal, including as well those contracted prior to January, 1869, as those contracted afterwards." The second clause of the thirty-third section of the bankrupt act, as amended by the act of 27th of July, 1868, is as follows: "In all proceedings in bankruptcy commenced after the 1st day of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case at or before the time of the hearing of the application for his discharge." The amendment of July 14th, 1870, is as follows: "The provisions of the second clause of the thirty-third section of said act, as amended by the first section of the act in amendment thereof, approved July 27th, 1868, shall not apply to those debts, from which the bankrupt seeks a discharge, which were contracted prior to the 1st day of January, 1869."

In the decision referred to, this clause is construed, together with its amendment, as follows: "In all proceedings in bankruptcy commenced after the 1st of January, 1869, no discharge shall be granted to a debtor from debts contracted on or after the 1st of January, 1869, whose assets shall not equal fifty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor and who have proved their claims, be filed in the case." I had supposed that the amendment of July 14th, 1870, should be construed so as to render inapplicable all of the provisions of the second clause of the thirty-third section, as amended by the act of July 27th, 1868, to

debts contracted prior to January 1st, 1869, that is, not only those in the first portion of said clause, as above set forth in the construction adopted in Re Shower [supra], but all throughout the whole clause, and I should have read it with the last amendment interpolated as follows: In all proceedings in bankruptcy commenced after the 1st day of January, 1869, no discharge shall be granted to a debtor (from debts contracted after the 1st day of January, 1869,) whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of the majority in number and value of his creditors, (whose claims were contracted after the 1st of January, 1869,) to whom he shall have become liable, &c. The construction in Re Shower would allow the assent of creditors whose debts are discharged, whether their assent be obtained or not, to control the discharge as to those creditors whose debts would not be discharged without the requisite assent. I should have supposed that this result would have been considered a fatal objection to such a construction. It is to be noticed that in the other construction which I have suggested I have not interpolated after the words "fifty per centum of the claims," the qualification, "contracted after the 1st of January, 1869," as might seem to be necessary in order consistently to fulfill the requirement that this qualification should extend throughout the entire clause; but upon reflection it will readily be seen that where the assets are equal to fifty per centum of all claims proved, they must also—or a proportional part thereof, be equal to fifty per centum of any particular class of claims, for the whole must include its parts, and, therefore, any such interpolation (without more) in this connection would, in fact, be erroneous. I had supposed that the object of the amendment of July 14th, 1870, was to give applicants for the benefit of the bankrupt act as to debts contracted prior to January 1st, 1869, the same privilege as to discharge as they would have had had their application been made prior to said time, and to place them as to debts contracted after said time, in regard to the requirement of their assets being equal to fifty per centum of their indebtedness, in the same position they would be, had they no other creditors than those whose claims were contracted after said time. In other words, in order to effectually exclude the provisions of the second clause of the thirty-third section, as amended by the act of July 27th, 1868, from application to debts contracted prior to January 1st, 1869, they must be confined in their operation wholly to debts contracted subsequently thereto. I, therefore, certify the conformity of the bankrupt, subject to the opinion of the court, upon the question whether he has obtained the requisite assent of creditors.

J. Davis Duffield, for defendant.

CADWALADER, District Judge. A majority in number and value of those creditors of the bankrupt, whose debts were contracted after the 1st of January, 1869, having, in writing, assented to his discharge, he will be discharged from all provable debts, whether contracted before or after that date. The second clause of the thirty-third section of the original bankrupt act of 1867, applied only to subsequent bankruptcies. The reason was, that the sole purpose of the enactment was to prevent future overtrading. The amendatory enactments of the 22d of July, 1868, and 14th of July, 1870, extend the time as if the original enactment had, in this respect, been passed on 1st of January, 1869; but the policy of the original act and of the late enactments is the same. Their import is thus explained sufficiently.